Janet M. Herold
Regional Solicitor
Susan Seletsky
Counsel for FLSA
**Luis A. Garcia, Senior Trial Attorney** (CSBN #146876)
**Natalie A. Nardecchia, Trial Attorney** (CSBN #246486)
Office of the Solicitor (MMS#1500270)
United States Department of Labor
350 South Figueroa Street, Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-2681
    Facsimile: (213) 894-2064
    seletsky.susan@dol.gov
    garcia.luis.a@dol.gov
    nardecchia.natalie@dol.gov
Attorneys for the Plaintiff
Secretary of Labor

E-FILED: 06/27/2016

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

    Plaintiff,

    v.

**J & L METAL POLISHING, INC.**, a California corporation; **JC COATING SOLUTIONS, INC.**, a California corporation; **JULIAN NAVARRO**, an individual, and as the managing agent of the Corporate Defendants; and **RIGOBERTO NAVARRO**.

    Defendants.

Case No.: 8:15-cv-01957-PSG-JCG

**CONSENT JUDGMENT [PROPOSED] AND ORDER**

Assigned to Hon. Philip S. Gutierrez

CONSENT JUDGMENT AND [PROPOSED] ORDER

Plaintiff Secretary of Labor and Defendants J & L METAL POLISHING, INC., JULIAN NAVARRO, JC COATING SOLUTIONS, INC., and RIGOBERTO NAVARRO (collectively "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment for violations of the Fair Labor Standards Act ("FLSA").

## I.     LIABILITY

1. The Secretary filed a Complaint alleging that Defendants violated Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3) and 215(a)(5).

2. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action. Defendants further admit that venue lies in the central district court for the District of California.

3. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

4. Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants – including but not limited to Juan Manual Flores and Gabriela Camacho – have notice of, and understand, the provisions of this Consent Judgment and Order.

5. Defendants admit that at all relevant times J & L and JC Coating were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

6. Defendants admit that at all relevant times J & L and Julian Navarro were employers of J & L employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. Defendants admit that as of at least as early as April 2016 and continuing to the present, Defendants, and all of them, have been employers of J & L employees and JC Coating employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants admit that JC Coating has continued the operation that was being

performed until April 2016 by J & L, and that at least some of the employees formerly employed by J & L are now employees of JC Coating, which is located in the same business location.  Defendants admit that Julian Navarro has at all times exercised control over both the operation and terms and conditions of employment for both J & L and JC Coating employees.

8. Defendants admit that during the period November 2012 to November 2015, Defendants failed to pay minimum wage to some employees, and specifically to piece rate employees.  These violations occurred as a result of Defendants' practice of misclassifying as independent contractors and then paying their piece rate employees without regard to the number of hours that employees worked.  Defendants admit that this conduct violated Sections 6 and 15(a)(2) of the FLSA.

9. Defendants admit that during the period November 2012 to November 2015, Defendants failed to pay employees time and a half their regular rate for hours that employees worked over 40 in a workweek.  These violations occurred as a result of Defendants' practice of paying employees their straight time rate, instead of time and a half, for hours worked over 40 in a workweek.  Defendants admit that this conduct violated Sections 7 and 15(a)(2) of the FLSA.

10. Defendants admit that during the period November 2012 to November 2015, Defendants failed to make, keep, and preserve accurate records of the wages, hours, and other conditions and practices of employment.  Defendants admit that this conduct violated Section 11(c) of the FLSA, 29 U.S.C. § 211(c).

11. Defendants admit that following the Secretary's investigation of Defendants' pay practices under the FLSA, which the Secretary initiated in August 2014, Defendants retaliated against employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(c).

12. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment and Order, threatening any employee for accepting monies due under this

1 | Consent Judgment and Order, or threatening any employee for exercising any of his or
2 | her rights under or related to the FLSA is specifically prohibited and may subject
3 | Defendants to equitable and legal damages, including punitive damages and civil
4 | contempt.

5 |     13.   Defendants agree to take all steps necessary to secure and make payment on
6 | the funds due under this judgment.

## II.    INJUNCTION

8 | It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,
9 | HEREBY

10 |     ORDERED, ADJUDGED, AND DECREED that under Section 17 of the FLSA,
11 | 29 U.S.C. § 217, Defendants and their agents, family members, attorneys, supervisors,
12 | managers, co-employers, employees, successors-in-interest, officers, owners, agents, or
13 | directors, and all those in active concert or participation with Defendants or acting on
14 | their behalf or at their direction, are permanently enjoined and restrained from violating
15 | the provisions of the FLSA, in any of the following manners:

16 |     14.   Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29
17 | U.S.C. §§ 206 and 215(a)(2), pay any of their employees who in any workweek are
18 | engaged in commerce or in the production of goods for commerce or who are employed
19 | in an enterprise engaged in commerce or in the production of goods for commerce, within
20 | the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than
21 | the federal minimum wage as defined by the FLSA).

22 |     15.   Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29
23 | U.S.C. §§ 207 and 215(a)(2), pay any of their employees who in any workweek are
24 | engaged in commerce or the production of goods for commerce, or who are employed in
25 | an enterprise engaged in commerce or in the production of goods for commerce, within
26 | the meaning of the FLSA, less than time and one half the employees' regular rate for
27 | hours worked in excess of 40 hours in a workweek. Defendants shall not attempt, in any
28 | way, to coerce their employees into accepting straight time pay for hours over forty in a

workweek – this includes but is not limited to coercing employees into signing waivers of their FLSA rights, which would be unenforceable in any event.

16. Defendants shall not, contrary to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and 29 C.F.R. Part 516, fail to make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every employee who performs any work for Defendants. To this end, Defendants shall be required to implement a time keeping system that shows all hours worked by employees on their time cards. Defendants shall also post the contact information for Wage Hour (Evelyn Sanchez, Assistant District Director Evelyn Sanchez, 550 West C Street, Suite 990, San Diego, CA 92101 (619) 798-3521 prominently next to the time keeping system so that employees, if they dispute the hours shown on their time cards, can immediately contact Wage Hour to report any discrepancies or ask any questions. Defendants shall take no actions to in any way deter employees from contacting Wage Hour.

17. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any Department of Labor investigation of wage or other violations. This means that Defendants shall not coerce, intimidate, threaten, discipline, or terminate any employees whom they believe have reported complaints or provided information to the Department of Labor, or attempt to deter complaints made, or communications to, the Department of Labor. Defendants also shall not instruct or ask their employees to provide false information to the Department of Labor concerning the terms and conditions of their employment, including but not limited to hours or days worked.

18. Defendants shall not misclassify employees as independent contractors or otherwise misinform or confuse workers as to their status as employees covered by the FLSA and entitled to all the rights and protections of the FLSA, including their right to be paid minimum wage and overtime and be free from retaliation for asserting their rights.

19. Defendants shall, on an annual basis for five (5) years after the date of entry of this Consent Judgment and Order, file a declaration under penalty of perjury affirming that in the prior year, Defendants complied with the minimum wage, overtime, recordkeeping, and anti-retaliation provisions of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), and 215(a)(3). Defendants shall file the declaration within 30 (thirty) calendar days of the anniversary date of the entry of the Consent Judgment and Order, for five years after the Consent Judgment and Order is entered. The declaration shall include the contact information for all current employees, including home address and telephone number (this information may be filed under seal).

20. Within 30 (thirty) calendar days of the date of entry of this Consent Judgment and Order, Defendants shall provide each of their current employees with a copy of the Notice of Rights, as set forth in the attached **Exhibit A**, which summarizes in English and Spanish the terms of this Consent Judgment and Order and provides guidance from the U.S. Department of Labor regarding employees' rights under the FLSA.

21. Within 30 (thirty) calendar days of the date of entry of this Consent Judgment and Order, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

    (a) Defendants shall post **Exhibit A** in prominent locations at Defendants' current facilities (for example, near the facility's front door or near the time clock);

    (b) Defendants shall provide a copy of **Exhibit A** with the first paycheck for the first pay period following entry of this Consent Judgment and Order to all current employees; and

    (c) Defendants shall provide a copy of **Exhibit A** to all newly hired employees on or before the date when the employee begins performing work for Defendants.

22. Within ten (10) calendar days of the date that Defendants sign this Consent Judgment and Order, Defendants shall display up-to-date U.S. Department of Labor-

approved posters regarding the minimum wage and overtime provisions of the FLSA in a prominent location at Defendants' work site (for example, near the facility's front door or time clock). Copies of these posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

23. Defendant Julian Navarro shall, within ten (10) days of the date that Defendants sign this Consent Judgment and Order, hold a meeting with all employees of J & L and JC Coating, at a date and time agreeable to the Wage Hour, and when Wage Hour will be present. At the all-employee meeting, Defendant Julian Navarro will tell all employees that he failed to pay overtime wages as required by the FLSA for hours worked over forty in a workweek, and that going forward all employees will receive time and a half for all hours worked over forty in a workweek. Navarro will also tell all employees that they have the right to talk to Wage Hour, including if they believe they are not being paid properly, and that Defendants will take no action to deter them or retaliate if they do so. Navarro will tell all employees that he will keep proper time records of hours worked and will pay all employees on an hourly basis, and that no employees will be classified as independent contractors.

### III.   MONIES DUE

24. IT IS FURTHER ORDERED that Defendants shall not withhold payment of **$32,000**, which represents the total amount that Defendants have agreed to pay out of the total amount found due of $216,761 in unpaid minimum wage and overtime to Defendants' employees in **Exhibit B**, for Defendants' FLSA violations from November 2012 to November 2015.

25. Defendants and their agents, family members, attorneys, supervisors, managers, co-employers, employees, successors-in-interest, officers, owners, agents, or directors, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, shall not:

(a) Request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any

monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to employees under the provisions of this Consent Judgment and Oder or the FLSA;

    (b)    Accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages paid to employees under the provisions of this Consent Judgment and Order or the FLSA; or

    (c)    Discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any employee because he or she has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment and Order or the FLSA.

26.    FURTHER, JUDGMENT IS HEREBY ENTERED, under Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants, jointly and severally, in the total amount of $433,522, which includes the $216,761 in unpaid minimum wage and overtime compensation referenced above to the present and former J & L employees who are identified in Exhibit B, plus an additional equal amount of $216,761 as statutorily authorized liquidated damages ("Liquidated Damages"), for a total of $433,522.

    (a)    Defendants have agreed to the following terms:  Defendants agree to pay, and shall pay **$64,000** out of the total amount owed of $433,522, which includes the $32,000 in unpaid minimum wage and overtime compensation referenced above to the present and former J & L employees who are identified in **Exhibit B**, plus an additional equal amount of $32,000 as statutorily authorized Liquidated Damages, for a **total of $64,000**.  This agreement is based upon Defendant Julian Navarro's representations to the Court and the Secretary that he is currently unable to pay the total amount owed of $433,522 and is only currently able to pay $10,000 initially and $1500 per month thereafter.

    (b)    Defendant Julian Navarro agrees to provide the Secretary with quarterly reports of: (1) his household income, including but not limited to his salaries,

commissions, wages as employees, as well as any profits he receives from the business activities of J & L and JC Coating or any other businesses; and (2) quarterly reports showing the revenue, profits, and receipts for J & L and JC Coating, and quarterly or annual tax returns for the businesses.

    (c)    If, in the event that Wage and Hour determines that Mr. Julian Navarro's actual or estimated (based on quarterly reports) household income exceeds $75,000 per year, then Defendants agree to pay, and shall pay, $2,500 per month instead of $1,500 per month, see Para. 27(c) below, thereby increasing the total amount they agree herein to pay out of the total amount found due of $433,522.

    (d)    If, in the event that Wage and Hour determines that Mr. Julian Navarro's actual or estimated (based on quarterly reports) household income exceeds $90,000 per year, then Defendants agree to pay, and shall pay, $3,000 per month instead of $1,500 per month, see Para. 27(c) below, thereby increasing the total amount they agree herein to pay out of the total amount found due of $433,522.

    (e)    Defendant Julian Navarro shall provide the quarterly reports referenced above by delivering them to Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Evelyn Sanchez, 550 West C Street, Suite 990, San Diego, CA 92101 and by emailing them to Sanchez.Evelyn@dol.gov

### IV. PAYMENT

27.    Defendants shall pay the monies due under this Consent Judgment and Order as follows:

    (a)    By no later than **June 24, 2016**, Defendant Navarro shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Evelyn Sanchez, 550 West C Street, Suite 990, San Diego, CA 92101 or Sanchez.Evelyn@dol.gov a schedule containing: (1) the employer's name, employer identification number(s), employer addresses and telephone numbers, and (2) for each employee listed in the attached **Exhibit B**, if known, the employee's last known home address, email address, Social Security number, home telephone number, and mobile

telephone number.

   (b) By no later than **June 24, 2016**, Defendant Navarro shall deliver to the Secretary a check in the amount of **$10,000**, payable to the order of the "Wage & Hour Div., Labor," as a good faith initial payment toward Liquidated Damages owed. This amount is based on Defendant Navarro's representation on May 17, 2016 to the Secretary that he could make an initial payment of $10,000.

   (c) Beginning on **July 1, 2016**, and thereafter, on the first day of each month, for the next consecutive 36 (thirty-six) months Defendant Navarro shall deliver to the Secretary a cashier's check to the address above in the total of **$1,500**. The first fourteen (14) checks shall have the words "J&L-LDs" written thereon, payable to the order of the "Wage & Hour Div., Labor," which will constitute payment for the remaining portion of Liquidated Damages owed. The remaining twenty-two (22) checks, shall have the words "J&L-BW," payable to the order of the "Wage & Hour Div., Labor," which will constitute the payment of back wages owed. Pursuant to Para. 26 (b)-(e), above, the amounts of these monthly checks will be increased in the event that Mr. Navarro's actual or estimated annual income exceeds $75,000.

   All checks must be sent by U.S. Mail or hand delivered to:

U.S. Department of Labor

Wage Hour Division,

Backwage Disbursement Region 10

90 7th Street, Suite 1300

San Francisco, California 94103

   (d) All amounts owed shall be made by no later than **August 1, 2019**. There is no penalty for early payment.

   (e) In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date

1  of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall
2  become immediately due and payable directly to the U.S. Department of Labor by
3  cashier's check to the Wage and Hour Division ("Wage and Hour"). For the purposes of
4  this paragraph, a "default" is deemed to occur if payment is not received by Wage and
5  Hour within five (5) calendar days of the due date.

6      28.    The Secretary shall distribute the payments described above as back wages
7  to the employees identified in the attached **Exhibit B**, or if necessary to the employees'
8  estates. The Secretary shall make the required legal deductions for the employee's
9  portion of Social Security and federal income tax withholding, and remit these amounts
10  to the appropriate government agencies. Any monies not distributed to employees within
11  three (3) years from the date of the Secretary's receipt of a payment, because of an
12  inability to locate the proper persons or because of their refusal to accept it, the Secretary
13  shall deposit the payment into the Treasury of the United States as miscellaneous receipts
14  under 29 U.S.C. § 216(c).

15      29.    Defendant Navarro shall not attempt to transfer, sale, give, or otherwise
16  liquidate any personal or business assets or businesses without first providing ten (10)
17  days written notice to the Secretary, by sending an email addressed to
18  Seletsky.Susan@dol.gov

19      30.    IT IS FURTHER ORDERED that each party shall bear its own fees and
20  expenses (including court costs) incurred by the party in connection with any stage of this
21  proceeding to date, including but not limited to attorneys' fees, which may be available
22  under the Equal Access to Justice Act, as amended.

23      31.    IT IS FURTHER ORDERED that the parties to the Complaint and all those
24  receiving notice thereof, including but not limited to managers, co-employers, employees,
25  successors-in-interest, officers, owners, agents, or directors, and all those in active
26  concert or participation with Defendants or acting on their behalf or at their direction,
27  shall comply with the terms of this Consent Judgment and Order;

28      32.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this

action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

Dated this 27th day of June, 2016

_____
# PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE PHILIP GUTIERREZ

_____
*[signature]*

Attorneys for Defendants J & L Metal And JC Coating

Dated: 6 04 16

_____
*[signature]*
JULIAN NAVARRO
Individually and as managing agent for Defendants

Dated: 6-24-16

_____
*[signature]*
RIGOBERTO NAVARRO
Individually and as managing agent for Defendants

Dated: 6-24-16

M. PATRICIA SMITH
Solicitor of Labor
JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA

_____
*[signature]*
NATALIE NARDECCHIA
Trial Attorney
Attorneys for Plaintiff

Dated: 6-24-16

# EXHIBIT A
## LEGAL NOTICE TO ALL EMPLOYEES

The United States Department of Labor conducted an investigation of J&L Metal ("J&L") and has determined that J&L and Mr. Julian Navarro failed to pay you properly under the Fair Labor Standards Act ("FLSA"), failed to keep proper records of your employment, and engaged in retaliation against J&L workers, including by terminating four workers on April 15, 2016 for cooperating in this litigation.

In a settlement with the United States Department of Labor, J&L and Mr. Navarro have voluntarily agreed to pay the agreed-upon back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the FLSA.

The FLSA requires that all employees must be paid minimum wage for all hours worked, including workers who were or may be currently paid on a piece rate basis, as well as overtime wages of time and a half for hours worked over 40 in a workweek. The FLSA also provides that all employees are protected from retaliation or discrimination. This means that no one from J&L, including Julian Navarro or Juan Manual Flores, and can terminate you, threaten to terminate you, reduce your work or your pay, tell you to provide false information to the Department of Labor, or in any way retaliate or discriminate against you because you have spoken to anyone at the Department of Labor, testified in this case, or in any way tried to enforce your rights under the FLSA.

**The United States Department of Labor wants to remind you that you may contact the Department if you have any question about your employment situation or your rights to lawful wages and to be free from retaliation.**

**If you think you are not being paid in accordance with the law or you are being threatened or discriminated against, you can call the United States Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

1  The Department also reminds you that you have employment rights under
2  California state law and you may contact the California Division of Labor Standards
3  Enforcement, at (415) 703-5300, for any questions you may have about those rights.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**Names**

| | |
|---|---|
| 1 | |
| 2 | Miguel A. Almanza |
| 3 | Alfonso Alvarez Navarro |
| 4 | Indalfer Alvear Cardenas |
| 5 | Jose Alvear |
| | Guadalupe Armas |
| 6 | Elfego Baron |
| 7 | Rodolfo Barranco Rodriguez |
| 8 | Christopher Casillas Alvarado |
| | Emanuel Contreras |
| 9 | Emiliano Contreras Martinez |
| 10 | Luis A. Contreras |
| 11 | Carlos Cruz |
| | Juan Dominguez |
| 12 | Mario Enriquez |
| 13 | Jose R. Escamilla |
| 14 | Carlos Escobar Rodas |
| | Nicolas Figueroa |
| 15 | Rolando Gallo Vasquez |
| 16 | Alberto Garcia |
| 17 | Francisco Garcia |
| | Ricardo Garcia |
| 18 | Ivan Guerrero |
| 19 | Efren Gutierrez |
| 20 | Armando Hernandez |
| | Fredy Hernandez |
| 21 | Miguel Hernandez |
| 22 | Ramon Hernandez |
| 23 | Estuardo L. Jacinto |
| | Elisa Jimenez |
| 24 | Jaime Jimenez |
| 25 | Abdias Juarez Perez |
| 26 | Eduardo Juarez |
| | Jairo Juarez |
| 27 | Santos Juarez |
| 28 | Aldo Leon |

| | |
|---|---|
| 1 | Carlos Leon Ortiz |
| 2 | Steve Lopez |
| 3 | Alejandro Lozada |
|   | Dulce Lozano |
| 4 | Leonardo Lucho |
| 5 | Marco Marquez |
|   | Robert C. Martinez |
| 6 | Carlos Mejia |
| 7 | Marco Mendez |
| 8 | Rafael Mercado |
|   | Cristobal Meza Gonzalez |
| 9 | Fermin Miguel Alonso |
| 10 | Alberto Molina |
| 11 | Artemisa Molina |
|    | Juan M. Morones Gomez |
| 12 | Lorena Muniz |
| 13 | Jaime Munoz |
| 14 | Martin Ocampo Rojel |
|    | Jose M. Ortiz |
| 15 | Juan Almicar Oxlaj |
| 16 | Marvin Pacheco |
| 17 | Minor Pacheco |
|    | Gerardo Parra |
| 18 | Jonathan Pichardo |
| 19 | Jose A. Pichardo |
| 20 | Ibis Pinzon |
|    | Edwin Ramirez |
| 21 | Bobbie Ramos |
| 22 | Carlos Revolorio |
| 23 | Maynor Revolorio |
|    | Alba Reyes |
| 24 | Maria Isabel Reyes |
| 25 | Omar J. Rios |
| 26 | Jose E. Rivera |
|    | Arturo Retana Rodriguez |
| 27 | Raul Rodriguez Rodriguez |
| 28 | Salvador Rodriguez |

1. Ernesto Rojas
2. Juan Rojas
3. Felix Salgado Delgado
4. Jorge Santiago
5. Agustin Santos Neri
6. Apolinar Tapia
7. Jesus Torres
8. Raul Torres
9. Cirilo Valentin Nicolas
10. Martha Yoguez
11. Felipe Zamora